**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV83-3-W
92cr284-07-P**

| | |
|---|---|
| MICHAEL T. ROZELLE, ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court upon the Petitioner's "Rule 60(b) Motion for Relief from the February 23, 2007 Judgment" filed March 12, 2007. On February 16, 2007 Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence. This Court dismissed Petitioner's Motion without prejudice as successive since Petitioner filed two previous motions to vacate (case no. 3:97cv205-P on 4/21/97 and successive motion to vacate on 8/10/98) both of which were denied. By way of the instant Motion, Petitioner argues that this Court incorrectly dismissed his Motion to Vacate under the Fourth Circuit case of In Re Cobey, 429 F.3d 93 (4th Cir. 2005) because the claims he raised in his Motion to Vacate are new clams that were not available in 1997 or 1998.

First, Petitioner does not articulate how his claims are new or were not available when he filed his previous petitioners in 1997 or 1998.[1] Second, In Re Cobey, has been withdrawn and

---

[1] In his Motion to Vacate, Petitioner cites to Booker v. Fanfan, 543 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005) for the proposition that these cases can be applied retroactively applied on collateral review. Petitioner is mistaken. The Fourth Circuit Court of Appeals concluded that Booker cannot be retroactively applied in cases such as this. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005). Moreover, in United States v. Fowler, 133

1

therefore is not precedent. However, to the extent that Petitioner is correct in his assertion that his claims are based on new factual developments that could not have been litigated in his earlier petitions, Petitioner will not be prejudiced by this Court's requirement that he seek authorization from the Fourth Circuit to file a successive petition. If Petitioner is correct, the Fourth Circuit will deny Petitioner's motion for authorization to file a successive petition as unnecessary and will direct this Court to accept Petitioner's Motion to Vacate for filing. Because Petitioner has not articulated why his claims could not be brought in 1997 or 1998, this Court will deny Petitioner's motion for relief form judgment and once again, instruct Petitioner to file a motion for authorization to file a successive petition in the Fourth Circuit court of Appeals.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Rule 60(b) Motion for Relief From the February 23, 2007 Judgment" is DENIED.

---

Fed.Appx. 922, the Fourth Circuit held that neither Booker nor Blakely announced an new rule of constitutional law made retroactively applicable to cases on collateral review. Therefore, to the extent that Petitioner's new claims are based on Booker and Blakely, his motion must be dismissed as the Fourth Circuit has held that these cases are not retroactively applicable to cases on collateral review.

     Petitioner also cites to United States v. Massaro, 538 U.S. 500 (2003) as support for his second claim for relief. Petitioner claims that the district court and appeals court were incorrect when "they abandoned ground 2 and 3 in Petitioner's first 2255, claiming that because Petitioner failed to raise issues 2 and 3 on direct appeal, he will not now challenge it in collateral proceeding." (Motion at 5.) In Massaro, the Supreme Court did not alter or clarify Strickland's ineffective assistance of counsel standard. Instead, the Court concluded that the procedural default rule does not apply to ineffective assistance of counsel claims and determined that such claims could be brought in a 2255 petition even if not raised on direct review. In reaching this conclusion, the Court announced a federal procedural rule, not a newly recognized constitutional right. Sweet v. Bennett, 353 F.3d 135, 140 (2d Cir. 2003); Ayala v. Workman, 116 Fed.Appx. 989 (10th Cir. 2004). Furthermore, it appears that Petitioner attached pages from his original motion to vacate to his current Motion to Vacate and that the crux of claims 2 and 3 contain argum1ents of errors made by the court in sentencing, not primarily as ineffective assistance of counsel claims. Finally, even if Petitioner could have brought a new 2255 Motion based on the decision in Massaro, which he cannot, Petitioner makes no effort to explain why he is bringing the instant Motion now, in 2007, when the Massaro case was decided in 2003.

**SO ORDERED.**

Signed: March 16, 2007

Frank D. Whitney
United States District Judge